# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
## (Columbus Division)

| | |
|---|---|
| REFRESCO BEVERAGES US INC., et al.  )<br>    )<br>    Plaintiffs,    )<br>    )<br>v.    )<br>    )<br>CALIFORMULATIONS, LLC, et al.   )<br>    )<br>    Defendants.   )<br>_____)  | Civil Action No. 4:20-CV-181 (CDL) |

## **STIPULATED CONFIDENTIALITY ORDER**

**WHEREAS,** the parties to the above-captioned matter seek the production of business records or other documents which contain confidential, protectable, and/or privileged information within the meaning of Rule 26 of the Federal Rules of Civil Procedure, as well as other such alleged confidential materials in addition to said records; and it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information; and the parties, through counsel, having consented to the form and entry of this Confidentiality Order ("Order"), it is agreed as follows:

1. Protected Material.

    a) Any party to this litigation or any non-party who is covered by this Order pursuant to Paragraph 2 ("Covered Non-Party") shall have the right to designate as "Confidential" and subject to this Order any information, document, thing, interrogatory answer, admission, pleading, transcript, or testimony (i) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (ii) that contains private or confidential personal, financial, and/or trade secret information, or (iii) that contains information received in confidence from third parties, or (iv) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Such material shall be referred to as Confidential Material. Any party to this litigation or any Covered Non-Party who

1

    produces or discloses any Confidential Material shall mark the same with the foregoing or similar legend: CONFIDENTIAL.

  b) Any party to this litigation and any Covered Non-Party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, thing, interrogatory answer, admission, pleading, transcript, or testimony that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Such material shall be referred to as Attorneys' Eyes Only Material. Any party to this litigation or any Covered Non-Party who produces or discloses any Attorneys' Eyes Only Material shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY."

  c) Any party to this litigation and any Covered Non-Party shall have the right subject to this Order to designate any material Confidential or Attorneys' Eyes Only, supplied in any form or any portion thereof, for purposes of these proceedings. Such designation shall constitute a representation that counsel believes in good faith that the information (1) constitutes Confidential Material or Attorneys' Eyes Only Material, as appropriate, and (2) that there is good cause for the material to be protected from public disclosure. The parties and Covered Non-Parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

  d) The term "Protected Material" shall refer to any material designated as Confidential Material or Attorneys' Eyes Only Material.

  2. A subpoenaed non-party who so elects may avail itself of, and agree to be bound by, the terms of this Order and produce documents pursuant to this Order. The parties, when seeking discovery from non-parties, shall attach to such discovery requests a copy of this Order so as to apprise such non-parties of their rights herein. A non-party who elects to produce documents subject to this Order shall provide written notice thereof to the party requesting discovery (the "requesting party"). Upon receiving such notice, the requesting party shall notify all other parties to the proceeding that the discovery received from the non-party is subject to the terms of this Order.

  3. Confidential Material shall be treated by the parties as confidential and shall be used only in connection with the litigation of this action and not for any other purposes. Except as expressly

permitted by this Order, upon the written consent of the producing party, or by further order of the Court upon application or motion, no materials produced in this action and designated as Confidential Material shall be revealed, disclosed, or described, in whole or in part, to any person other than:

a) The attorneys of record in this litigation and relevant in-house counsel for the parties, including their clerical and support staff assisting with the preparation of this matter;

b) Individual parties or executives of corporate parties required to participate in decisions with reference to this lawsuit and who execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to receipt of the Confidential Material;

c) Any individual if it appears that the individual authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents;

d) Experts, consultants, and investigators retained or consulted by counsel to assist in the defense or prosecution of this action, including a party's employees from whom counsel intends to elicit expert testimony, provided they have signed a nondisclosure agreement in the form attached hereto as Exhibit A prior to receipt of the Confidential Material;

e) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

f) The Court and its personnel, including court reporters and their employees, subject to Paragraph 11 below;

g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

h) The jury, pursuant to the provisions of Paragraph 11 below.

i) Such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

4. Attorneys' Eyes Only Material shall be treated by the parties as confidential and shall be used only in connection with the litigation of this action and not for any other purposes. Except as expressly permitted by this Order, upon the written consent of the producing party, or by further order of the Court upon application or motion, no materials produced in this action and designated as Attorneys' Eyes Only Material shall be revealed, disclosed, or described, in whole or in part, to any person other than:

- a) Outside counsel of record in this litigation for the receiving party, including their clerical and support staff assisting with the preparation of this matter;

- b) In-house counsel for the parties, provided they have signed a nondisclosure agreement in the form attached hereto as Exhibit A prior to receipt of the Attorneys' Eyes Only Material;

- c) Any individual if it appears that the individual authored or received a copy of the Attorneys' Eyes only Material, or if the individual is employed by the producing party, or if the producing party consents to such disclosure;

- d) Experts, consultants, and investigators retained or consulted by counsel to assist in the defense or prosecution of this action, provided they have signed a nondisclosure agreement in the form attached hereto as Exhibit A prior to receipt of the Attorneys' Eyes Only Material;

- e) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

- f) The Court and its personnel, including court reporters and their employees, subject to paragraph 11 below;

- g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

- h) The jury, pursuant to the provisions of Paragraph 11 below; and

- i) Such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

5. Prior to the disclosure of Protected Material to any persons included within Paragraphs 3 and 4, counsel shall inform such person that the matter is confidential and may not be disclosed, except as provided in this Order.

6. Protected Material shall be used only by individuals permitted access to it under Paragraphs 3 and 4. Protected Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality affirmatively waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. Protected Material may not be used, duplicated, reproduced, or copied in any way except for use by counsel of record and their agents and/or their experts and/or as an exhibit or attachment to a filing with the Court or for use in a deposition or other discovery device such as a request for admissions.

8. With respect to any depositions that involve a disclosure of Protected Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. The designated portion of the transcript shall be treated as Confidential or Attorneys' Eyes Only consistent with the terms of this Order.

9. Should Protected Material be referred to in a deposition, those portions of the deposition transcript shall be deemed Confidential or Attorneys' Eyes Only, as appropriate.

10. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      a)    Counsel for the objecting party shall serve on the designating party or Covered Non-Party a written objection to such designation, which shall describe with particularity each document or thing in question and the grounds for objection. Counsel for the designating party or Covered Non-Party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or thing is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed void. If the designating party or Covered Non-Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

      b)    If a dispute on a Confidential or Attorneys' Eyes Only designation cannot be resolved by agreement after a good faith meet-and-confer, the proponent of the objection to the designation shall present the dispute to the Court. The Protected Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. Notwithstanding anything to the contrary in this Order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this Order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this Order.

12. In accordance with the Joint Discovery Stipulation entered into by Plaintiff and Defendants Califormulations, Polhamus, O'Keeffe, Pones, Ly, Klaybor, Gee and Jackson on September 1, 2020 and entered in this matter at Dkt. 35, all documents produced by any party or non-party in the

prior Georgia Action will be afforded the protection provided by the Georgia Consent Protective Order, as modified by the July 23, 2020 Order resolving Attorneys' Eyes Only Objections.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated during disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as either Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the material as Confidential or Attorneys' Eyes Only, as appropriate, under this Order. If any such Protected Material has already been disclosed by the receiving party beyond the disclosure permitted in Paragraphs 3 and 4, counsel for the receiving party shall secure the return or destruction of such material by the person(s) to whom it was disclosed within a timely manner.

14. When the inadvertent or mistaken disclosure of any material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. Except as provided in Paragraphs 13 and 14, no information in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered Protected Material under this Order.

16. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. However, in a Pre-Trial Brief or Pre-Trial Memorandum, counsel for the parties shall designate the exhibits they assert are "Confidential" or "Attorneys' Eyes Only." Thereafter, the designating party must adhere to the specifications of Paragraph 11 as to the conditions under which the designated exhibits may be used in connection with trial.

17. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. At the conclusion of this action, including without limitation any appeal or retrial, all counsel and parties to whom Protected Material has been disclosed shall return to the producing party's counsel all Protected Material, including any copies, extracts, or summaries thereof unless previously disclosed on the record used or at trial. In the alternative, and except for the provisions set forth immediately below, all Protected Material may be destroyed by the recipient to satisfy this obligation. Provided, however, that counsel for the parties may retain in their own files all pleadings, written discovery responses, court filings, transcripts, exhibits, videos, notes, memoranda, and work product embodying Protected Material, and such retained Protected Material shall remain subject to the restrictions of this Order unless disclosed pre-trial or at trial.

19. The provisions of this Order shall survive any settlement, judgment, or other disposition, termination, or conclusion of this action, and all appeals therefrom.

20.     Nothing contained herein shall be construed to limit the party producing Protected Material from using its own Protected Material in any manner it may choose subject to all objections by opposing counsel.

This Order may be executed in multiple, separate counterpart originals, or with detachable signature pages, which together shall constitute the original thereof. Facsimile, photocopy, PDF, or other copied signatures shall be considered as original signatures for all purposes.

**IN WITNESS WHEREOF,** the Parties execute this Order consisting of 20 numbered paragraphs on the dates designated below:

| | |
|---|---|
| */s/ C. Morris Mullin*   *Date: 2/4/2022*<br>*(w/ permission)*<br>Neal J. Callahan, Esq.<br>C. Morris Mullin, Esq.<br>WALDREP, MULLIN & CALLAHAN, LLC<br>Post Office Box 351<br>Columbus, Georgia 31902<br>cmm@waldrepmullin.com<br>njc@waldrepmullin.com | */s/ David L. Cook*   *Date: 2/4/2022*<br>*(w/ permission)*<br>David L. Cook, Esq.<br>Laura E. Sedlak, Esq.<br>SILLS CUMMIS & GROSS P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07112<br>dcook@sillscummis.com<br>lsedlak@sillscummis.com |
| */s/ Travis C. Hargrove*   *Date: 2/4/2022*<br>Travis C. Hargrove, Esq.<br>THE FINLEY FIRM, P.C<br>200 Thirteenth Street<br>Columbus, Georgia 31901<br>thargrove@thefinleyfirm.com | */s/ Christopher Caparelli*   *Date: 2/4/2022*<br>*(w/ permission)*<br>Christopher Caparelli, Esq.<br>TORYS LLP<br>1114 Ave of the Americas, 23rd Floor<br>New York, New York<br>ccaparelli@torys.com |
| */s/ Scott Blews*   *Date: 2/4/2022*<br>*(w/ permission)*<br>Scott G. Blews, Esq.<br>Donald P. Boyle, Esq.<br>CONTINUUM LEGAL GROUP LLP<br>227 Sandy Springs Place<br>Suite D-355<br>Atlanta, Georgia 30328<br>sblews@continuumlg.com | */s/ Patrick B. Moore*   *Date: 2/4/2022*<br>*(w/ permission)*<br>Patrick B. Moore, Esq.<br>WEINBERG WHEELER HUDGINS<br>GUNN & DIAL<br>3344 Peachtree Road, NE, Suite 2400<br>Atlanta, Georgia 30326<br>pmoore@wwhgd.com |

dboyle@continuumlg.com

/s/ Mary Lillian Walker    Date: 2/4/2022
(w/ permission)
Kevin H. Hudson, Esq.
Mary Lillian Walker, Esq.
William C. ("Chad") Hayes, Esq.
Zachary R. Hall, Esq.
HUDSON LAMBERT PARROTT WALKER, LLC
3575 Piedmont Road, Suite 850
Atlanta, Georgia 303027
khudson@hlpwlaw.com
mwalker@hlpwlaw.com
chayes@hlpwlaw.com
zhall@hlpwlaw.com

/s/ Jason C. Kravitz    Date: 2/4/2022
(w/ permission)
Jason C. Kravitz, Esq.
Leslie E. Hartford, Esq.
NIXON PEABODY LLP
53 State Street
Exchange Place
Boston, Massachusetts 02109
jkravitz@nixonpeabody.com
lhartford@nixonpeabody.com

SO ORDERED this 8th  day of February        , 2022.

_____
S/Clay D. Land
Clay D. Land
United States District Judge