```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

REFRESCO BEVERAGES US, INC.,      *

       Plaintiff,                 *

vs.                               *
                                        CASE NO. 4:20-CV-181 (CDL)
CALIFORMULATIONS, LLC, et al.,    *

       Defendants.                *
_____
```

## O R D E R

The Court previously concluded that Symrise Inc. failed to produce documents that it was ordered to produce during a hearing on October 11, 2022. Order, Dec. 12, 2022, ECF No. 219. As a sanction for disobeying the Court's order, the Court ordered Symrise to pay the reasonable expenses, including attorney's fees, Refresco incurred because of Symrise's failure to obey the Court's order. *Id.* As the Court previously observed, it should have been abundantly clear to everyone who attended the October 11, 2022 hearing that the Court ordered Symrise to produce the underlying secret formulas for the secret oils or flavors that go into its beverage recipes. Symrise offered no legitimate explanation for its refusal to do so, which is why the Court found that sanctions are required under Federal Rule of Civil Procedure 37(b)(2)(C).

To obviate the need for a fee motion (and additional fees associated with such a motion), Refresco's counsel asked Symrise to pay approximately $16,800 in fees associated with the secret formula dispute, even though its actual fees were higher. Those fees include time counsel spent trying to resolve the secret formula dispute with Symrise before filing a sanctions motion and time spent preparing the motion for sanctions. Symrise declined, so Refresco filed a motion for fees and expenses. Refresco now seeks $27,000 in fees. The evidence Refresco submitted to the Court shows that Refresco incurred fees of $31,530.50 in connection with its motion for sanctions and its fee motion. These fees include 28.10 hours for the motion for sanctions and related work attempting to resolve the secret formula dispute, as well as 23.20 hours for the fee motion.[1] Based on the Court's review of the documents Refresco presented, the amount of time is reasonable.

The Court also finds that $27,000 for Refresco's expenses and fees is a reasonable sanction for disobeying a Court order under the circumstances here. Symrise contends that Refresco's two Boston lawyers, Jason Kravitz and Leslie Hartford, charged too much per hour. The Court agrees that $808 per hour for a

---

[1] Symrise contends that the Court should award little or nothing for the fee motion, arguing that Refresco should have tried harder to resolve the sanction amount before filing the fee motion. Given the history of discovery disputes in this case, the Court cannot fault Refresco for opting to pursue the fee motion instead of continuing negotiations regarding the sanction amount.

seasoned partner and $556 per hour for a senior associate with nine years of experience seems high for this jurisdiction. But the Court's present job is not to conduct a complete lodestar analysis using local rates. Counsel indicate that they charged these rates to Refresco. There is no information in the record to suggest that the fees are outside the range for counsel's services under the circumstances or that these rates are higher than what these attorneys are charging Refresco in this litigation. So, for Refresco to be compensated for its expenses caused by the contumacious conduct of Symrise, the Court finds that $27,000 is reasonable.

The remaining question is whether the sanction should be paid by Symrise, its outside counsel, or both. Refresco contends that the sanction should be paid exclusively by Symrise's outside counsel. Rule 37(c) states that the Court must order reasonable expenses to be paid by "the disobedient party, the attorney advising that party, or both." Fed. R. Civ. P. 37(b)(2)(C). Generally, courts impose sanctions against attorneys instead of their client when the attorneys are primarily responsible for the sanctionable conduct. Here, the Court previously ordered that Symrise would be required to pay the sanctions, and Symrise asserts in its brief that all of the actions taken by outside counsel were at the direction of Symrise. Accordingly, the Court finds that the sanctions should

be imposed on Symrise.   For these reasons, the Court grants
Refresco's motion for fees and expenses (ECF No. 220) and orders
that Symrise pay Refresco's counsel $27,000.   Payment shall be
made within fourteen days of today's order.

IT IS SO ORDERED, this 5th day of January, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA